Good morning. Good morning, Your Honor. Renee Maness of the Federal Public Defender's Office on behalf of Mr. Wiese. Our appeal today presents a very narrow procedural. Do you want to reserve any time? I will reserve the standard two minutes. Okay. Thank you. Thank you. Our appeal today presents a very narrow question regarding when a petitioner has met the Martinez hurdle. In this case, because even the district court acknowledges on page 36 of the excerpts of records that reasonable jurors may debate whether or not Mr. Wiese received the offer that is the underlying ineffective assistance of counsel claim. If reasonable jurors can debate that issue, then Mr. Wiese has met the Martinez standard. Backing up, the ineffective assistance of counsel claim that we have is the failure to convey a plea offer. That is a recognized claim of ineffective assistance of counsel. The Supreme Court has confirmed repeatedly that a petitioner has, or a defendant, has the right to effective assistance of counsel in the plea process. You acknowledge that this would be procedurally barred if the Martinez exception didn't apply? Absolutely. And this may be semantics, because it's not addressed by anybody, but it raised some concern for me. Martinez talks about trial errors, things that happen at trial that can be raised. This is not at trial. This is plea bargaining. Should Martinez, there's no case that we found that extended Martinez to a plea bargaining colloquy. Should something that was defined as a narrow exception to allow you to get past the procedural bar be extended to things that happen outside of the trial context where there is no record for review, and it's going to be a he said, he said? That's actually a fascinating issue, which no one has joined in the briefs. I believe if you look at Martinez, it talks about exceptions for claims of ineffective assistance of counsel, and it has narrowed that in the recent Davila case. It narrowed it specifically to claims of ineffective assistance of counsel. The Supreme Court has clearly confirmed that ineffective assistance of counsel is the realm of criminal representation, including the plea process. So while you're accurate that no, I don't think, I am not aware, and because the issue has not been raised and litigated in this, I must say I did not research it. But I cannot understand why ineffective assistance of counsel in the plea process would somehow be distinct from ineffective assistance of counsel at trial or ineffective assistance of counsel at sentencing. Well, because we're looking at an exception to a procedural bar where it wasn't raised timely, and so you, and it just, the language in Martinez very specifically says at trial. It says ineffective assistance of counsel, and I think that's. At trial. Because this issue wasn't raised. If Your Honor would like some. That's all right. I don't want to take up any more of your time because it wasn't raised. You can move on. Some post-appeal briefing, I'd be happy to look at that, but that was not a question that was raised. The issue that was raised by the district court was that this claim was not substantial because there was no evidence. However, the district court acknowledges, again at page 36 of the excerpts of records, that reasonable jurors may debate whether the offer was conveyed. You might say it's a he said, he said question, but I don't think that that's completely accurate because if you allowed factual development of this claim at the trial court level, what do we have? We have a lawyer who says, I can't remember. My practice was to do it. I would take my investigator. We don't know who the investigator is. We don't have that investigator's testimony that he recalls. He may well recall. It may be an investigator. Well, isn't there another email, something about that we'd like to do a little more investigation before we act on it? So the prosecutor's firm here about making an offer. Correct. All right. And your client says he submitted an affidavit that stated in relevant part, I'm absolutely positive prior to my case, I was offered a plea for 10 years for each of the two counts for a total of 20 years in prison, including misdemeanor charges for county jail time. I do not remember if both counts were to be run consecutive or concurrent. I do not accept this deal mainly because of the county jail time. This is not the same offer for 120 months referenced by the district attorney, John Crowe, and his affidavit occurred, offered during my post conviction proceeding. It's my position, as it has always been, that if I would have been presented with a 10 year plea offer for two offenses to be placed in custody of DOC, I would have accepted. Well, it seems like what happened here, though, so we know what the prosecutor said. We know what he said. We know defense counsel, I guess we're asking him what, 10 years later or something like that to say exactly what happened, but he said it would appear that he talked to him about something, it would appear there was some passage there because of the investigator. And then the guy has a bench trial, right? And so, and it's in front of, this is all during this, in front of the same judge, right, that's deciding, the district court basically weighed the evidence and said, I don't think you've made a substantial claim, right? And the weighing of the evidence is where the problem occurs, because when we're considering the Martinez exception, it's whether or not reasonable jurists can debate. Then we move into the factual development, because actually there's more to this deal. The prosecutor's statement in his affidavit, it was a deal of between 75 and 120 months. You could ask down to 75, I would be at 120. Mr. Wise says he got a deal where he's very clear he thought he was doing 20 years in prison. And you must also remember this is right. Well, I know. He said they offered tenure for two counts, but he couldn't remember if it was consecutive or concurrent. It, to me, I mean, the prosecutor indicated he made one offer. And whether that offer was transmitted to the defendant and the defendant didn't understand what was, because there's, he, the defendant's very, I got an offer for this 20, maybe it was concurrent, maybe it was consecutive, but the prosecutor never made that offer. He's very clear. He only made the one offer for the 120 months, which would be the tenure sentence. Now, maybe it, maybe the defendant didn't understand it when the attorney explained it to him. But what about the fact that both the prosecutor and the defense attorney are think any investigation would find otherwise, that the client wasn't going to take any deal? That it didn't matter? He was adamant he was going to beat this charge and he was going to trial? Again, I think we're jumping to resolving the factual issues, when the question before us is whether or not there should be factual development in order to How do you develop that fact? I mean, these two people aren't going to have any recollection different than what they put in their declarations, which there's no equivocating. Both of them are quite clear that this defendant was going to trial. And now, of course, the defendant lost and he's gotten, what, 300 months or something? So he's going to say at this point 120 looks good. Yeah. I would have taken 120. I wouldn't have gone to trial. But how do you have to weigh that at some point? And what further factual development are you going to get? Again, the testimony or the affidavit of the trial counsel says he doesn't recall, but he would have taken an investigator. We don't know who that investigator is. We do not know if there are any records, billing records. We know he went twice, but both times were before he asked for the offer to be extended. Was the offer extended? We don't know. The question, what Mr. Wise says is he understood it was for 20 years. And we also submitted in the further excerpts of records. Well, he doesn't say that exactly. He does specifically say for a total of 20 years in prison. I'm at 123, so I will preserve the rest of it. Thank you very much. We'll make sure you have time to answer that. Thank you. So are you the same Pinesh Shah I just saw in the last case? Yes, Your Honor, and I continue to represent the State. Okay. Could you give me two minutes on the question of whether Martinez should even apply here? That's an excellent question, and frankly, I had not thought about it until I was sitting there a moment ago. I think that Your Honor is correct, that by its terms, Martinez was intended to be a limited and narrow exception, and it spoke, at least on the facts of that case, about a trial court error. And we know that the Supreme Court more recently in Davila said that it does not apply to error of appellate counsel. So I think there's a good argument that it might not apply in this case. I don't have any authority for you this time. Again, like opposing counsel said, if the Court would like supplemental briefing. But isn't the plea bargain process an integral part of the trial? Yes. I mean, I'm finding it hard that anyone's ever going to be able to pull that out. I mean, Davila doesn't directly address it, but it's not — this isn't Davila exactly. So we would have to read Davila pretty expansively. If I'm being candid, my initial take is I'm not sure why plea bargaining should be different from trial, but I'm not prepared to concede that right now, because I would like to take a closer look at Martinez. But on its face, it does seem like, you know, if Martinez is intended to protect the right to counsel, the constitutional right to effective assistance of counsel at trial, that right extends to the plea bargaining process. And for that reason, at least on its face, I hate to make the argument against this, but that's my initial take. I don't want to concede that because I haven't had a chance to look more closely. Counsel, if it were barred by Martinez, when would the courts ever get a chance to review the issue? If it weren't — It can't be raised on appeal. Right, Your Honor. Again, this is why I am a little bit skeptical, but I'm not prepared to concede it. Okay. So, I mean, you agree that Martinez is really to get to those things that there's no other way you can get to it. That's right. And if Davila says that the plea bargain, if it's read to say the plea bargain is not part of trial, then where could Petitioner bring that up? I'm not sure that there would be a way for Petitioner to bring that up if that were the case. Okay. So if we assume that we can look at it here, tell me, given the factual record conflicts — given factual conflicts in the record, was it appropriate for the court to resolve them on the record without an evidentiary hearing here? I mean, what exactly do we have? So, you know, plaintiff's claim is at best marginal. And that's not the kind of claim that satisfies Martinez. I understand Petitioner to be saying that because he satisfied Martinez, he's entitled to an evidentiary hearing. And he says he satisfied Martinez because his claim was substantial. But that's not the only test to satisfying Martinez. Showing that your claim is substantial satisfied — you know, so Martinez was a special application of the cause and prejudice excuse to procedural default identified in Coleman. In Martinez, it said that if your claim is substantial, you can satisfy the prejudice aspect of Coleman. But the cause element of Coleman remains an obstacle to getting that evidentiary hearing to — Well, but you appear in your brief to concede that the district court may have erred in concluding that the IATC claim was not substantial. And I'm looking at red at 18. If we agree, why should not we reverse and remand the case? Remand with instructions for the court to assess the cause aspect of Coleman under Martinez? Well, if it's — if — okay. If counsel can bring the — if we say that Davila doesn't preclude bringing this, then you have to look to whether it's substantial. And then you don't get to the next — you don't — if it's substantial, then you have — then you go from there. And you seem to concede that the district court might have put too high a bar on what's substantial under that. I think — as I understood my concession, Your Honor, it was more that the court may have applied — it may have framed its analysis under the wrong prong. Because that analysis, if sound, is enough to defeat his Martinez claim under the cause aspect of Martinez. Because to show that he has cause for relief from procedural default, he needs to show that his post-conviction counsel was ineffective. And to show that, under Claiborne, he needs to show that the claim would have prevailed in post-conviction relief, which is to say that it has merit, which is a higher bar than is it substantial or not. And so if the court failed to — I think an unfortunate choice of terminology to say substantial to get past Martinez because the definition of that is not wholly without factual support. That seems to be a fairly low threshold. So assuming that any defendant who puts in an affidavit saying I learned that there was a plea I didn't get, and because the failure to communicate a plea is considered per se deficient performance, you're going to get past the bar. You're going to have — you're going to get a Martinez exception to have the court then consider it. But then when you get to then the Strickland analysis, do they actually — can he actually demonstrate that there was an offer that would have changed the decision of the post-conviction reviewing court? Then where are we in terms of the evidence here? And perhaps the district judge should have said you're past Martinez, but you're not going to satisfy the second half of this case. Well, I don't entirely agree with you, Your Honor, because to get past Martinez, it isn't enough to show you have substantial claim. Part of Martinez is showing that your claim would have prevailed in post-conviction had you presented. That's what Claiborne says. Claiborne says to get past Martinez, you need to show two things. You need to show that your post-conviction counsel is ineffective under Strickland and that your claim is substantial. But the first part — So I guess if I understand it, we could find — let's say the district court's reasoning was flawed here, and — but you're saying we could affirm the dismissal  That's exactly right. And the reason is because to establish ineffective assistance of his post-conviction counsel, he needs to show more than that his claim is substantial. He needs to show that his claim would have succeeded, and that's what this Court held in Claiborne. And the post-conviction counsel, while he did not amend the petition when he — and he can't be faulted for not having the initial petition because he had no idea. It came up in the response. He then raised it orally, did not amend. Is that — I mean, he had an opportunity to at least present this issue to the post-conviction court. So he had an opportunity to, but he — in my view, he did not. I take Petitioner's reply to indicate that you can't say that post-conviction counsel made a strategic decision not to raise this. I'm not saying it was a strategic — I mean, he raised it as an oral — in the oral argument. He didn't — he didn't brief it. He didn't ask for more time to investigate it. But he did raise it. He presented it to the post-conviction judge, and that judge said, I'm not convinced by the record here that this would have made a difference, that he would have carried his verdict. He raised the fact — he didn't raise the claim, because if he had, then it wouldn't be procedurally defaulted. Right. As I read the record, as presented in the further excerpts accompanying Petitioner's reply brief, what counsel said was, you know, this is new information, and this goes to show the prejudice on the claim that I did raise. The claim that he was arguing was that if counsel had properly advised Petitioner about consecutive — about his exposure to consecutive sentences, then he would have — he would have taken the plea rather than proceeding to trial. And in showing the prejudice that resulted from that, he said, and look, here is a — here is an offer that was made that he would have taken if he had been properly advised. I did not understand post-conviction counsel to be raising this argument at trial — raising the new claim at trial, or rather at the post-conviction hearing. I understood him to be — Oh, is the judge on this case the same as the judge that did the bench trial? I'm sorry, Your Honor. I don't know the answer to that. Would that make a difference? The bench — the bench trial at post-conviction, you mean? Well, okay, he had a bench trial, and he was found guilty, and he got 300-something months, right? Correct. Okay. And is that the same judge that's doing the habeas here? Oh, that's doing the habeas? No. You mean between trial and state post-conviction? Yeah. I can't say definitively that it's not, but it would be highly unlikely for that to be the case. Generally, state post-conviction in Oregon is handled, you know, by a different court and a different judge. It would be a remarkable coincidence. In some places, it's the same person. Yeah, I understand. It would be a remarkable coincidence if that were the case here, but I can't say definitively that it wasn't. Okay. So, again, in our view, because the district court concluded this claim was not — didn't have merit, even if it mislabeled that as saying it was not substantial, that legal conclusion is sufficient to allow this Court to affirm under the other prong of Martinez. And that prong is one that the Petitioner needs to satisfy in order to get past Martinez. The Petitioner's argument that the district court should have granted an evidentiary hearing on this, that's an abuse of discretion review, correct? As I understand it, correct. And, again, only if you got past the Martinez bar. Right. And so if the district court decided based on the evidence in front of the court there was no need for an evidentiary hearing, what should they have to show to show that that was just clearly erroneous and that was an abuse of discretion? I'm not sure, Your Honor. I haven't seen a case where this Court has reversed under that standard, so I'm not sure. There may be a case that exists, but I'm not familiar with one. Okay. Okay. Thank you. Any additional questions, Judge Fischer? No, thank you. All right. Thank you. Thank you. We ask you to affirm. A couple of points of clarification. The judge at trial was Judge Basinger. That's in our further excerpts of records. We provided some of the sentencing transcripts. The judge at post-conviction was Judge Billings. That's in the Respondent's supplemental excerpts of records, the post-conviction judgment. I want to be clear. The question of whether or not trial counsel was ineffective in failing to convey a plea offer was in no way considered at the state post-conviction level. Oregon has very serious procedural bars. If you do not plead it, it is not considered. It was not pled. Well, do you want to respond to what I think, what I understood their argument? Let's just say the district court was wrong, and it's substantial. Could this court affirm the dismissal of the habeas claim on the alternate basis that petitioner failed to demonstrate an ineffective assistance by his PCR counsel and thus his procedurally defaulted claim cannot be excused under Martinez? I don't think there's any way to contend that PCR counsel was effective in that he recognizes the claim when it appears at the post-conviction trial that Mr. Weiss tells him, I never received this offer, and then he attempts to argue it. But it has absolutely no effect under Oregon law. There is no statement from post-conviction counsel that he considered this claim and rejected it. There is no affidavit in the record. To the extent that there's an analysis that post-conviction counsel looked at this and made a tactical decision not to raise it, I think that's completely belied by the fact that this claim is not even possible until November, when the post-conviction petition is filed in August and then the trial's in March. So saying that post-conviction counsel in August somehow made some tactical decision not to raise this claim just does not make sense in light of the record. Well, he couldn't have raised this claim when he initially filed because he had no idea. It came, it was brought to his attention when they filed the opposition and submitted the affidavits in response to the two issues he did raise about the communication of pleas and how they should have been interpreted. And then the defendant said, oh, wait, what is this 120 months? I never got that offer. And actually the claims weren't about communications of pleas. The claims were about waiving jury trial, whether he should proceed to jury trial or whether he should waive his right to jury trial and proceed with the bench trial. There were no claims whatsoever regarding the... But when he gets the 300-and-something months, did he say, oh, I want the deal now? What he says is that he was unaware that there was a deal of 85 to... Well, no, he says here he knew there was something conveyed to him. He just didn't, and that 20 years would be better than the 300-and-something, right? It's 300 months, so it's 25 years. A new law was going into play at this point in time, Jessica's law, which required the 25 years. So certainly one of the issues to be developed at the time of having... Well, I'm just wondering why at sentencing if he, this thing that he claims he knew now, why he wouldn't have said, well, hey, I want this other deal. I mean, I've seen defendants a lot of times go, well, hey, King's X. I never thought, you know, now can I go back to the other thing? Why are you giving me, you know? I have seen defendants both say that and not say that as well. Okay. And I think we've taken you way over your time, unless any of my colleagues have additional questions, which they appear not to. Thank you, Your Honor. Well, this will conclude. Thank you. Thank you. This matter will stand submitted.
judges: Fisher, Callahan, Bencivengo